**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **U.S. BANK, NATIONAL ASSOCIATION,** | : | |
| **Plaintiff/Counterclaim Defendant,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 12-723** |
| **MAURY ROSENBERG,** | : | |
| **Defendant/Counterclaim Plaintiff.** | : | |

**MEMORANDUM OPINION**

RUFE, J.                                                                                  JANUARY 24, 2013

Plaintiff U.S. Bank, N.A., filed this action to enforce the terms of an Individual Limited

Guaranty ("Guaranty" or "Limited Guaranty") executed by Defendant Maury Rosenberg. Before

the Court are Plaintiff's Motion to Dismiss Defendant's Counterclaims and its Motion to Strike

Defendant's Affirmative Defenses. Plaintiff argues that by the express language of the

Guaranty, Defendant waived his right to assert any claims, counterclaims, or affirmative defense

in this litigation, and therefore that the Court should dismiss his counterclaims and strike his

affirmative defenses in their entirety. While the Court recognizes the express language in the

Guaranty by which Defendant waives his right to assert certain claims, the Court does not find

that the provision applies to all claims and defenses asserted here. Accordingly, the Motions will

be granted in part and denied in part.

**I.      BACKGROUND**

Since the Court writes primarily for the parties who are well familiar with the complex

factual and procedural background in this matter, the Court provides only the facts and procedure

necessary to provide context for its decision.

**A.      Facts Relevant to Plaintiff's Claims as Alleged in the Complaint**

On August 12, 2005, Mr. Rosenberg, on behalf of companies with which he was

affiliated (referred to in the Complaint as "NMI Parties"), entered into a Settlement Agreement

with Lyon Financial Services, U.S. Bank's predecessor in interest.[1]  Pursuant to the Settlement

Agreement, the parties modified the terms of existing commercial equipment leases, and reduced

and restructured the payment obligations of the NMI Parties under the existing leases.  Mr.

Rosenberg guaranteed a portion ($7,661,945) of the NMI Parties' obligations in the Guaranty.[2]

While the NMI Parties made 21 payments in accordance with the Settlement Agreement,

they stopped payments beginning in February 2008.  At the time of the NMI Parties' default

under the Settlement Agreement, the guaranteed amount had been reduced to $4,980,264.32.  As

of January 12, 2012, this amount remained outstanding.  U.S. Bank, as the present payee of the

obligations under the Guaranty, sent a written notice to Mr. Rosenberg stating that the NMI

Parties were in default under the Settlement Agreement, and demanding that Mr. Rosenberg pay

the outstanding amount due under the Guaranty.  Mr. Rosenberg did not pay the amount

demanded and U.S. Bank filed this suit for breach of the Guaranty.

**B.      Facts Relevant to Defendant's Counterclaims and Defenses as Alleged in
            Defendant's Counterclaim**

On July 31, 2008, Lyon, acting as an agent for U.S. Bank, filed a Complaint in confession

of Judgment in the Bucks County Court of Common Pleas ("Bucks County Action") seeking the

guaranteed amount that remained outstanding.[3]  Mr. Rosenberg alleges that while the complaint

stated that Lyon was entitled to judgment against him in the amount of $4,724,866.16, a

---

[1]  Compl., Ex. A, Settlement Agreement (Doc. No. 1-4).

[2]  Compl., Ex. B, Limited Guaranty (Doc. No. 1-5).

[3]  Pl.'s Mot. to Dismiss, Ex. A, Bucks County Action Compl. (Doc. No. 11-2).

judgment of $43,481,820.71 was erroneously entered against all defendants in that case. According to Mr. Rosenberg, Lyon had knowledge of this error, but did not correct it. On August 22, 2008, Mr. Rosenberg filed a petition to strike or open the confessed judgment and requested a stay of execution of such judgment. This petition notwithstanding, Lyon transferred the nearly $43 million judgment to the Philadelphia Court of Common Pleas on October 10, 2008.

During the pendency of Mr. Rosenberg's petition to strike/reopen, U.S. Bank "orchestrated the commencement and prosecution of an involuntary bankruptcy case against Rosenberg" in the Bankruptcy Court for the Eastern District of Pennsylvania on November 7, 2008.[4] The bankruptcy case was later transferred to the Bankruptcy Court for the Southern District of Florida, where Mr. Rosenberg resides. On August 21, 2009, the Bankruptcy Court dismissed the involuntary bankruptcy case. Mr. Rosenberg alleges that this dismissal shows that U.S. Bank with or through Lyon "orchestrated the improper 'sham' bankruptcy case without justification or excuse, knowing that the filing of an involuntary bankruptcy case would cause the demise of the [NMI parties] and put Rosenberg in financial ruin."[5]

After the dismissal of the involuntary bankruptcy case, U.S. Bank moved for a determination on the motion to strike/reopen, which had remained pending in the Bucks County Court of Common Pleas. On November 22, 2011, the Bucks County Court entered an order striking the confessed judgment entered against Mr. Rosenberg and opening the confessed judgment entered against the NMI parties.[6]

---

[4] Counterclaim (Doc. No. 20) ¶ 24.

[5] Id. ¶ 35.

[6] See Answer, Ex. B (Doc. No. 10-2 at 2).

## C. Procedural Posture of this Case

Three months later, on February 10, 2012, U.S. Bank filed the Complaint in this case. In response, Mr. Rosenberg filed a Motion to Dismiss arguing that pursuant to the terms of the Settlement Agreement and the Limited Guaranty, Bucks County state court has exclusive jurisdiction over the case. The Court denied the motion, holding that venue was proper in this Court because the forum selection clause provides that venue is proper in the federal district court whose judicial district encompasses Bucks County, and ordered that Mr. Rosenberg file an answer.

Mr. Rosenberg thereafter filed an answer raising 37 affirmative defenses and asserting counterclaims for Wrongful Use of Civil Proceedings (Count I), Abuse of Process (Count II), and Breach of the Covenant of Good Faith and Fair Dealing (Count III). U.S. Bank now moves to dismiss all counterclaims and defenses, asserting that pursuant to the terms of the Limited Guaranty, Mr. Rosenberg waived his right to assert any claims, counterclaims, or defense with respect to the terms of the Guaranty. Alternatively, U.S. Bank argues that the counterclaims are insufficiently alleged and must be dismissed, and that certain defenses are insufficient as a matter of law and must be stricken.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[7] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the

---

[7] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[8]  Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[9]  Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[10] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[11]  The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[12]

## B.    Motion to Strike

"In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense[.]"[13]  Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[14]  The Third Circuit has cautioned, however, that "a court should not grant a motion to strike unless the insufficiency of the defense is clearly apparent" from the face of the pleading.[15] Since the sufficiency of the defense is determined by examining the face of the pleadings, a

---

[8]  ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[9]  Twombly, 550 U.S. at 555, 564.

[10]  Id. at 570.

[11]  Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[12]  Id. (quoting McGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988)).

[13]  Fed. R Civ. P. 8(c).

[14]  Fed. R Civ. P. 12(f).

[15]  Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986) ("The underpinning of this principle rests on a concern that a court should restrain from evaluating the merits of a defense where . . . the factual background for a case is largely undeveloped.").

defense cannot be stricken where its success depends on disputed issues of fact or law.[16]

However, "if the defense asserted could not possibly prevent recovery under any pleaded or

inferable set of facts," it may be stricken.[17]

While the Third Circuit has not applied the pleading standards of Ashcroft v. Iqbal,[18] and

Bell Atlantic Corp. v. Twombly,[19] to the pleading of affirmative defenses, "when an affirmative

defense omits a short and plain statement of facts entirely and fails totally to allege the necessary

elements of the claim, it has not satisfied the pleading requirements of the Federal Rules[.]"[20]

Thus, where a defense is insufficiently pled so as to fail to put the opposing party on notice of the

nature of defense, the defense may be stricken with leave to amend. [21]

## III.    DISCUSSION

### A.    The Waiver Provision

U.S. Bank's primary argument in support of both its Motion to Dismiss and its Motion to

Strike is that the express language of the Guaranty's waiver provision bars all of Mr.

Rosenberg's claims and defenses here.  In contrast, Mr. Rosenberg argues that the existence of

the waiver provision does not defeat his counterclaims or his defenses because the enforceability

of the waiver provision is at issue in this litigation.  According to Mr. Rosenberg, the entire

Guaranty fails for lack of consideration.  Thus, he asserts that all of the Guaranty's provisions are

unenforceable, including the waiver provision.

---

[16] Linker v. Custom-Bilt, 594 F. Supp. 894, 898 (E.D. Pa. 1984).

[17] Id.

[18] 556 U.S. 662 (2009).

[19] 550 U.S. 544 (2007).

[20] Dann v. Lincoln Nat'l Corp., 274 F.R.D. 139, 146 (E.D. Pa. 2011) (quoting Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1295 (7th Cir. 1989)).

[21] Id.

Alternatively, Mr. Rosenberg submits that the waiver provision does not defeat his claims because the Guaranty's waiver provision conflicts with the waiver provision of the Settlement Agreement, which he asserts controls pursuant to the "conflict clause" in the Settlement Agreement, which states: "In the event of any conflict between the provisions of this Agreement and the provisions of any other Transaction Documents, the provisions of this Agreement will prevail."[22]

The Limited Guaranty provides:

> Without limiting the generality of any other provisions of the Limited Guaranty, Guarantor [Mr. Rosenberg] hereby expressly waives: . . . (e) any defense, right of set-off, claim or counterclaim whatsoever and any and all other rights benefits, protections and other defenses available to the Guarantor now or at any time hereafter.[23]

It further states:

> Guarantor waives all rights and defenses arising out of an election of remedies by [U.S. Bank], even though that the election of remedies has destroyed the Guarantor's rights of contribution, subrogation and reimbursement against the Lessees [] or other guarantors by the operation of any applicable law or otherwise."[24]

The Settlement Agreement also contains a waiver provision by which "[e]ach NMI party . . . waive[d] any defenses, offsets or counterclaims to the enforcement of the Modified Leases, the Security Agreements, the Guarantees or the Confession of Judgment."[25]

As the Court stated in ruling on Mr. Rosenberg's Motion to Dismiss:

> "The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties."[26] In ascertaining the intent of the parties, "all provisions

---

[22] Settlement Agreement ¶ 25

[23] Rosenberg Guaranty ¶ 6.

[24] Id. ¶ 8.

[25] Settlement Agreement ¶ 15(d).

in the agreement will be construed together and each will be given effect. [The Pennsylvania Supreme Court] will not interpret one provision of a contract in a manner which results in another portion being annulled."[27] Thus, to the extent possible, a contract should be interpreted in a manner which prevents provisions from becoming meaningless, superfluous, or contradictory.[28] Furthermore, where, as here "two or more writings are executed at the same time and involve the same transaction, they should be construed as a whole."[29] The Court will not read the Settlement Agreement in a manner which creates . . . a conflict between the Settlement Agreement and the Guaranty.[30]

Moreover, U.S. Bank attempts too broad a reading of the Guaranty's waiver clause to encompass claims unrelated to the agreement between the parties. This interpretation is contrary to the intent of the parties as stated in the Settlement Agreement and the Guaranty.

While the Court recognizes that contracting parties may waive their right to assert certain claims, counterclaims and defenses having to do with execution, performance and enforcement of the underlying agreement,[31] there is no authority to support the enforceability of a waiver provision with the scope U.S. Bank urges the Court to give the provision at issue here. Thus, even if the Settlement Agreement and the Guaranty evidenced the parties' intent to create a waiver of this sort, which the Court has held it did not, it is questionable that this provision would be enforceable as a matter of law.

---

[26] Lesko v. Frankford Hosp.-Bucks Cnty., 15 A.3d 337, 343 (Pa. 2011). It is undisputed that Pennsylvania law applies here.

[27] Id. (quoting LJL Transp., Inc. v. Pilot Air Freight Corp., 962 A.2d 639, 647-48 (Pa. 2009)); see also Kamco Indus. Sales, Inc. v. Lovejoy, Inc., 779 F. Supp. 2d 416, 427 (E.D. Pa. 2011).

[28] See Sloan & Co. v. Liberty Mut. Ins. Co., 653 F.3d 175, 181 (3d Cir. 2011).

[29] Sanford Inv. Co. v. Ahlstrom Mach. Holdings, Inc., 198 F.3d 415, 421 (3d Cir. 1999) (quoting Western United Assurance Co. v. Hayden, 64 F.3d 833, 842 (3d Cir. 1995)).

[30] 6/12/12 Order (Doc. No. 9) at 3-4.

[31] Lyon Fin. Servs., Inc. v. Woodlake Imaging, LLC, No. 04-3334, 2005 WL 331695, at *4-6 (E.D. Pa. Feb. 9, 2005) (recognizing the enforceability of "hell or high water" provisions in certain finance lease transactions); see also Doc. No. 12-1 at 5 (citing cases).

Consequently, the Court finds that the waiver provision at issue here does not bar the assertion of all counterclaims and defenses raised by Mr. Rosenberg.  To the extent that the provision limits the assertion of specific counterclaims and defenses, the Court will discuss these limitations below.

### 1. Counterclaim Count III

Counterclaim Count III alleges that "U.S. Bank . . . breached its contract with Rosenberg by failing to act in good faith and deal fairly with Rosenberg with respect to the Rosenberg Guaranty, causing Rosenberg to suffer damages."[32]  Unlike the other counterclaims which are not within the scope of the waiver provision contained in the Guaranty, a fair reading of the Guaranty leads to the conclusion that this counterclaim is within the scope of the waiver provision and therefore, barred by it.

As stated above, a party may contractually waive its right to assert claims, counterclaims and defenses having to do execution, performance and enforcement of the underlying agreement.[33]  In contrast to the tort claims of wrongful use of civil proceedings and abuse of process as alleged in Counterclaim Counts I and II, breach of contract claims depend upon the terms, execution, and performance of the contract.  It is the type of claim contemplated by the Guaranty and would be waived under the Settlement Agreement or the Guaranty.  Therefore, the Court finds that Counterclaim Count III is within the scope of the waiver provision and has been waived thereunder.  Counterclaim Count III will be dismissed with prejudice.

---

[32] Counterclaim ¶ 59.

[33] See, e.g., HFC Commercial Realty, Inc. v. Axelrod, No. 89-8739, 1990 WL 198184, at *3 (E.D. Pa. Dec. 4, 1990) (citing Paul Revere Protective Life Ins. Co. v. Weis, 535 F. Supp. 379, 386 (E.D. Pa. 1981), aff'd without opinion, 707 F.2d 1403 (3d Cir. 1982)).

## 2. Affirmative Defenses

Like Mr. Rosenberg's breach of contract counterclaim, several of his affirmative defenses, those concerning the terms, execution, and performance of the contract, are waived by virtue of the Guaranty's waiver provision for the reasons stated above with respect to Mr. Rosenberg's breach of contract counterclaim. These defenses are Mr. Rosenberg's Third,[34] Fifth,[35] Sixth,[36] Seventh,[37] Eighth,[38] Ninth,[39] Tenth,[40] Eleventh,[41] Fourteenth,[42] Seventeenth,[43] Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth, Thirtieth,[44] and Thirty-First.[45]

---

[34] "U.S. Bank's claims are barred by its waiver of the assertion of any rights under the Settlement Agreement and Rosenberg Guaranty." Answer at 5.

[35] "U.S. Bank's claims are barred by lack of privity." Answer at 6.

[36] "U.S. Bank's claims are barred by the absence and/or failure of consideration for the Rosenberg Guaranty." Answer at 6.

[37] "The Rosenberg Guaranty is a contract of adhesion and unconscionable and is void *ab initio*." Answer at 6.

[38] "U.S. Bank's claims are barred by the financial distress imposed upon Rosenberg by U.S. Bank and/or its agents at the time Rosenberg was required to execute the Rosenberg Guaranty." Answer at 6.

[39] "U.S. Bank's claims are barred by the doctrine of accord and satisfaction." Answer at 6.

[40] "U.S. Bank's claims are barred by the doctrine of justification." Answer at 6.

[41] "The losses alleged by U.S. Bank were not caused by any fault, act or omission on the part of Rosenberg, but were caused by circumstances or persons or entities, including U.S. Bank itself and or its agents, for which Rosenberg is not responsible." Answer at 6.

[42] "At all times relevant hereto, Rosenberg acted in good faith and compliance with any and all of his contractual obligations." Answer at 7.

[43] Mr. Rosenberg's Seventeenth through Twenty-Fourth Affirmative Defenses all concern the defense of impairment of collateral stated in different forms. Answer at 8-9.

[44] "U.S. Bank is precluded from seeking relief against Rosenberg by reasons of its own failure to comply with the Settlement Agreement and Rosenberg Guaranty." Answer at 9.

[45] "U.S. Bank's claims are barred by reason of its own bad faith and fair dealing in both the making and performance of the Settlement Agreement and Rosenberg Guaranty." Answer at 10.

### B. Sufficiency of the Remaining Claims

#### 1. Counterclaim Counts I and II

U.S. Bank moves to dismiss Mr. Rosenberg's counterclaims for wrongful use of civil proceedings (Count I) and abuse of process (Count II), arguing that Mr. Rosenberg has failed to allege that U.S. Bank brought the underlying confession of judgment proceedings in Bucks County primarily for an improper purpose, an element of both wrongful use of civil proceedings and abuse of process claims.[46] Mr. Rosenberg does not dispute that he must show that the "primary purpose" of the underlying proceedings was improper to succeed on either claim; he asserts however, that the facts as alleged in his Counterclaim are sufficient. The Court agrees.

While Mr. Rosenberg's counterclaim does not contain a conclusory statement that the primary purpose of the Bucks County confession of judgment proceedings was improper, the factual allegations are sufficient to support this inference. For example, Mr. Rosenberg alleges "U.S. Bank, by and through its agent, Lyon, . . . instituted a scorched earth campaign against Rosenberg in an effort to destroy him and his business, and to extract money or a settlement from Rosenberg and others," by filing "a single Complaint in Confession of Judgment in the Court of Common Pleas of Bucks County," and "causing a single judgment in the total amount of $43,481820.71 to be entered on the docket," despite U.S. Bank's knowledge that Rosenberg's liability was limited to $4,724,866.16.[47] Taken as a whole, the facts as alleged in the

---

[46] See 42 Pa. Cons. Stat. § 8351 ("(a) Elements of action.--A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings: (1) He acts in a grossly negligent manner or without probable cause and *primarily for a purpose other* than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and (2) The proceedings have terminated in favor of the person against whom they are brought.") (emphasis added); Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998) (quoting Rosen v. American Bank of Rolla, 627 A.2d 190, 192 (Pa. Super. Ct. 1993) ("The tort of 'abuse of process' is defined as the use of legal process against another '*primarily* to accomplish a purpose for which it is not designed.' To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) *primarily* to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff.") (internal quotation marks omitted) (emphasis added).

[47] Counterclaim ¶¶17-18.

Counterclaim support an inference that the primary purpose of the underlying proceedings was improper and Counterclaim counts I and II are sufficient to withstand U.S. Bank's Motion to Dismiss.

### 2. Affirmative Defenses

In addition to its wholesale challenge to Mr. Rosenberg's affirmative defenses as waived, U.S. Bank challenges specific defenses as insufficiently pled. The Court now addresses those which have not been waived.

#### a. *Fifteenth Affirmative Defense*

The Fifteenth Affirmative Defense states:

> By Order and Memorandum Opinion dated August 21, 2009, the U.S. Bankruptcy Court for the Southern District of Florida found that any amounts required to be paid by [Mr.] Rosenberg under the Rosenberg Guaranty to Lyon was limited to the fees and expenses of Lyon, which finding was not disturbed by the District Court for the Southern District of Florida on appeal.[48]

U.S. Bank argues that this statement mischaracterizes the Bankruptcy Court's August 21, 2009 Order and must be stricken. The Court agrees.[49]

The Bankruptcy Court did not hold that the amount of Mr. Rosenberg's liability under the Guaranty was limited to Lyon's fees and expenses as the affirmative defense as stated suggests. In fact, the Bankruptcy Court was not concerned with the extent of Mr. Rosenberg's obligations under the Limited Guaranty. Rather, the court considered whether the "petitioning creditors" (those who filed the involuntary bankruptcy petition against Mr. Rosenberg) were "creditors" under the Limited Guaranty giving them standing to file the involuntary petition. The

---

[48] Answer at 7.

[49] In doing so, the Court takes judicial notice of the Bankruptcy Court's Opinion and Order. "[A] court may take judicial notice of a prior judicial opinion." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009).

Bankruptcy Court found that the petitioning creditors were not "creditors," because Mr. Rosenberg's obligations under the Guaranty run solely in favor of Lyon.[50] The Bankruptcy Court wrote:

> "Rosenberg executed an individual limited guaranty (the "Limited Guaranty") in the maximum about of $7,6661,945.00, which was to be reduced each month by the sum of $127,699.08 for each monthly payment made on account of the Master Lease as set forth in the Settlement Agreement. . . . The Limited Guaranty contains several other provisions, which obligations thereunder run solely to and in favor of Lyon. Specifically, upon an event of default under the Limited Guaranty, only Lyon can demand payment of the obligations thereunder and only the fees and expenses of Lyon [as opposed to the fees and expenses of another entity] are required to be paid by Rosenberg."[51]

Mr. Rosenberg conflates several important findings of the Bankruptcy Court and the result is misleading. For this reason, the Fifteenth Affirmative Defense is stricken. Mr. Rosenberg is granted leave to amend this defense to clarify the holding of the Bankruptcy Court and its import to his defense to the extent he is able to do so.

b. *Twenty-Fifth Affirmative Defense*

In his Twenty-Fifth Affirmative Defense, Mr. Rosenberg states that "U.S. Bank's claims are barred by its unclean hands and inequitable conduct . . . ."[52] U.S. Bank asserts that this defense must be stricken because U.S. Bank seeks only money damages in its complaint and the equitable defense of unclean hands is only available where a plaintiff seeks equitable relief. Mr.

---

[50] See Civ. A. No. 12-22275, Doc. No. 97 (S.D. Fla. Jan. 8, 2013) submitted as Ex. A to Pl.'s Notice of Recent Supplemental Authority (Doc. No. 31).

[51] Bankr. Ct. Op. (Doc. No. 12-2) ¶¶ 28, 33 (bracketed material added for clarification and context).

[52] Answer at 9.

Rosenberg argues that "[a]n affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved."[53]

While the Court recognizes that Third Circuit has not applied the pleading standards of Iqbal and Twombly to the pleading of affirmative defenses, Rule 12(f) nevertheless allows a court to strike an affirmative defense where "the insufficiency of the defense is clearly apparent" from the face of the pleading.[54] Because the doctrine of unclean hands is not applicable where a party does not seek equitable relief, the insufficiency of this defense is clearly apparent from the face of the pleading and will be stricken.[55]

c.      *Thirty-Second and Thirty-Third Affirmative Defense*s

U.S. Bank argues that the Court should strike these defenses because they are merely restatements of Mr. Rosenberg's Counterclaims, which U.S. Bank asserts Mr. Rosenberg is barred from asserting pursuant to the waiver provision of the Guaranty. Since the Court has found that Mr. Rosenberg is not barred from asserting these claims, it will not strike these defenses on this basis.

IV.    CONCLUSION

For the foregoing reasons, U.S. Bank's Motion to Dismiss Mr. Rosenberg's Counterclaims and Motion to Strike his Affirmative Defenses will be granted in part and denied in part. Counterclaim Count III will be dismissed and the following affirmative defenses will be stricken: Third, Fifth through Eleventh, Fourteenth, Fifteenth, Seventeenth through Twenty-

---

[53] Doc. No. 15 at 9.

[54] Cipollone v. Liggett Group, Inc., 789 F.2d 181, 188 (3d Cir. 1986) ("The underpinning of this principle rests on a concern that a court should restrain from evaluating the merits of a defense where . . . the factual background for a case is largely undeveloped.").

[55] See Farm Credit of Nw. Fla. ACA v. Dilsheimer, No. 10-4515, 2011 WL 725084, at *3 (E.D. Pa. Mar. 1, 2011).

Fifth, Thirtieth, and Thirty-First.  Mr. Rosenberg will be granted leave to amend his Fifteenth Affirmative Defense.

An appropriate Order follows.