IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, : | |
|     Plaintiff/Counterclaim Defendant, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 12-723 |
| MAURY ROSENBERG, : | |
|     Defendant/Counterclaim Plaintiff. : | |

## MEMORANDUM OPINION

**RUFE, J.**                                                                                         **MAY 30, 2014**

Before the Court is US Bank's motion to strike the jury demand and Rosenberg's response thereto. For the reasons below, the motion will be granted.

### I.   Background

US Bank has sued to enforce a Settlement Agreement between US Bank on the one hand and several medical imaging companies (collectively referred to throughout this litigation as the "NMI entities") and Rosenberg on the other, as well as a Guaranty executed by Rosenberg. Rosenberg has brought counterclaims alleging abuse of process and wrongful initiation of civil proceedings. Rosenberg has demanded a jury trial with respect to his counterclaims. US Bank has moved to strike because both the Settlement Agreement and the Guaranty contain a waiver of the Seventh Amendment right to trial by jury. Rosenberg argues that the waivers are unenforceable.

The waivers both provide that each party "waives its right to a jury trial of any claim or cause of action based upon or arising out of, directly or indirectly, this agreement or any other transaction document or waiver contemplated hereby and thereby."[1] US Bank's suit clearly is a cause of action directly arising out of those documents. However, Rosenberg argues that the

---

[1] Doc. No. 78-4 at 19a, 46a.

language is not broad enough to encompass his counterclaims and that the jury trial waivers are unenforceable.

## II. Governing Law

The burden of proving that a jury waiver is enforceable rests with the party seeking to enforce the waiver.[2] "Because the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver. Nevertheless, as with other constitutional rights, the Supreme Court has long recognized that a private litigant may waive the right to a jury trial in a civil case. To be valid, a jury waiver must be made knowingly and voluntarily based on the facts of the case."[3] "A [contractual] waiver is knowing, voluntary and intelligent when the facts show that (1) there was no gross disparity in bargaining power between the parties; (2) the parties are sophisticated business entities; (3) the parties had an opportunity to negotiate the contract terms; and (4) the waiver provision was conspicuous."[4]

## III. Discussion

In this case there are two potentially operative jury trial waivers, one in the Guaranty and one in the Settlement Agreement. Rosenberg signed both in an individual capacity (he also signed the Settlement Agreement as managing director of the NMI entities). Although Rosenberg devotes much of his brief to arguing that his accession to the Guaranty's waiver was not knowing and voluntary and gives far shorter shrift to the waiver in the Settlement Agreement, this Court will consider the enforceability of each.

---

[2] *Brown & Brown, Inc. v. Cola*, No. 10-cv-3898, 2011 WL 4380445, at *4 (E.D. Pa. Sept. 20, 2011).

[3] *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) (internal quotation marks and citations omitted.).

[4] *First Union Nat. Bank v. United States*, 164 F. Supp. 2d 660, 663 (E.D. Pa. 2001); *accord Tracinda*, 502 F.3d at 222.

Rosenberg argues first, that the terms of the waivers do not apply to his counterclaims; second, that even if they do, the waivers were not entered into knowingly and voluntarily; and third, that US Bank should be estopped from arguing that the waivers apply. The Court addresses his arguments in turn.

### A.   *Voluntariness of Waivers*

#### 1.   Gross Disparity in Bargaining Power

Rosenberg argues that because he is an individual and was unrepresented by counsel in negotiating the Settlement Agreement and the Guaranty, while US Bank is a large financial institution that was represented by counsel in the negotiation and drafted the relevant documents, there is a gross disparity in bargaining power sufficient to invalidate the jury trial waivers. He stresses that he was under enormous pressure from US Bank to sign the Guaranty, that he was not given much time to consider it, and that he was convinced if he failed to sign it, his employees would lose their jobs.

However, Rosenberg's arguments with respect to the Guaranty do not apply with equal force to the Settlement Agreement. At a hearing in previous litigation between these parties in bankruptcy court, Rosenberg testified that he believed the terms of the Settlement Agreement were not only fair "but very beneficial to our company."[5] He further testified that the Agreement took "months"[6] to negotiate. Even if he was not represented by counsel, his prior testimony demonstrates that he bargained with US Bank over the terms of the agreement and indeed had sufficient bargaining power to negotiate favorable terms. Assuming without deciding that there

---

[5] *In re: National Medical Imaging, LLC*, No. 05-12714, Hr'g Tr. 75:11–12 (Bkr. E.D. Pa. Sept. 12, 2005).

[6] *Id.* at 71:13–23.

was a gross disparity of bargaining power with respect to the Guaranty, the Court cannot perceive such a problem with the Settlement Agreement.

Rosenberg argues that *First Union National Bank* is very similar to this case. There, the owner of a small business who felt that he had to accept the bank's terms in a loan or fire his employees. That situation may be analogous to the Guaranty, but not to the favorably negotiated Settlement Agreement. Also, in *First Union*, only the borrower waived a jury trial, while the US Bank-Rosenberg jury waivers are mutual, so there is no evidence internal to the waivers that suggests there was a disparity in bargaining power.

### 2. Sophisticated Business Entities

Rosenberg does not seriously dispute that he is a sophisticated business person, and US Bank is of course a large and sophisticated financial institution. Rosenberg has provided testimony in court and in depositions that clearly establishes his deep understanding of his businesses, and he has not persuaded the Court that he signs business documents without careful, knowledgeable deliberation.

### 3. Opportunity to Negotiate

Although Rosenberg testified that it took months to negotiate the Settlement Agreement,[7] he argues that his testimony does not specifically address the jury waiver, and he repeatedly stresses that he signed the Guaranty on the same day it was presented to him. Rosenberg insists that US Bank put serious pressure on him to sign the Guaranty, but none of Rosenberg's arguments overcomes the evidence that Rosenberg had the opportunity to negotiate and did in fact negotiate the terms of the Settlement Agreement.

---

[7] *Id.*

4.     Conspicuousness of Waivers

In the Guaranty, the waiver is printed in paragraph 14, titled "Jurisdiction." The section has four subsections, the first three of which deal with jurisdiction, venue, and service of process. The fourth waives the right to a jury trial, but concludes "provided agent or its agents may in their discretion enforce the limited guaranty in any other jurisdictions permitted by law." The proviso cannot logically apply to the jury waiver, and therefore this Court will assume without deciding that Rosenberg is correct that the jury waiver in the Guaranty is inconspicuous, lost in a sea of block capital letters that all apply to other aspects of potential litigation.

By contrast, the Settlement Agreement jury waiver is conspicuous. Most importantly, it follows the heading, "Jurisdiction, Venue, Service of Process, Waiver of Trial By Jury." Although the waiver also concludes with a similar proviso about the jurisdictions in which the Agent may enforce certain notes and is therefore similar to the Guaranty's jurisdiction section, the heading cures any defect in the provision's conspicuousness. Although it is possible that the waiver could be more conspicuous, there is a heading to draw attention to it. The provision is therefore sufficiently conspicuous to be enforceable.

5.     Summary of *First Union* Factors

Although Rosenberg has made a colorable argument that the waiver clause in the Guaranty was not knowing or voluntary, he has made no such showing with respect to the Settlement Agreement. US Bank has met its burden of demonstrating that the four factors are met, and the waiver will be enforced if it encompasses Rosenberg's counterclaims.

B.     *The Waiver's Language Encompasses the Counterclaims*

The parties waived the "right to a jury trial of any claim or cause of action based upon or arising out of, directly or indirectly, this agreement." Rosenberg argues that the counterclaims

5

are entirely independent of the Settlement Agreement and other transaction documents. US Bank argues that these counterclaims indirectly arise out of the transaction documents because they relate to US Bank's efforts to enforce its rights under those documents. The Court finds US Bank's argument persuasive.

In *First Union National Bank*,[8] a case that has been approved of by the Third Circuit[9] and that Rosenberg relies on heavily for the proposition that the waivers were not knowing or voluntary, the court faced a situation where a bank loaned money to the owner of a small business. When the business failed to withhold money from employees' paychecks as required by the IRS, the IRS determined that under the tax code, the bank could be held liable. The bank in its litigation against the IRS joined the business owner as a defendant, and it sought to enforce a jury waiver in the lending documents.[10] The court did not hesitate to conclude that the dispute over the business owner's liability to the bank, caused by the business owner's failure to abide by its tax obligations, arose out of the lending documents.

Here, Rosenberg's counterclams arise out of his alleged injuries from US Bank's enforcement strategy in light of alleged breaches of the Settlement Agreement and Guaranty. Rosenberg's dispute with US Bank is no more attenuated from the Settlement Agreement and Guaranty than First Union's dispute with the business owner was from the loan documents. Therefore, this Court is convinced that the claims indirectly, if not directly, arise out of the Settlement Agreement and Guaranty.

---

[8] 164 F. Supp. 2d 660 (E.D. Pa. 2001).

[9] *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007).

[10] The waiver read: "THE BORROWERS HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT THEY MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS AGREEMENT, THE NOTES, THE LOAN DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED HEREIN OR THEREIN." *Id.* at 664.

Although as discussed above, Rosenberg has mounted a colorable argument against enforcement of the waiver in the Guaranty, his counterclaims nonetheless also arise out of the Settlement Agreement and other transaction documents contemplated thereby (including the Guaranty), and therefore fall within the terms of the agreement.

    C.    *Estoppel*

Rosenberg argues that US Bank should be estopped from enforcing the waivers because in litigation between these parties in Florida,[11] US Bank did not raise the issue of waiver; therefore, US Bank is argued to have conceded that the waivers were not enforceable and consequently should be estopped from adopting a different position. This argument is without merit. Judicial estoppel seeks to prevent litigants from espousing different theories in different actions so as to gain an unfair advantage.[12] Rosenberg has pointed to no evidence that the enforceability of the jury waivers was litigated in any other context. Although it is true that US Bank did not seek to enforce the waivers earlier, even if the Court accepts Rosenberg's characterization of the non-enforcement as implicitly inconsistent with US Bank's position here, Rosenberg has pointed to no unfairness occasioned by the differences in US Bank's positions, nor any reason to consider US Bank's position now "unseemly."[13] Nor has Rosenberg demonstrated that either he or the courts have relied to their detriment on US Bank's prior non-enforcement of the waivers. In short, there is no reason to estop US Bank from enforcing the waivers here. And furthermore, the Court notes that Rosenberg withdrew his jury demand in the

---

[11] *Rosenberg v. DVI Receivables, XIV, LLC,* No. 12-cv-22275 (S.D. Fla. June 18, 2012).

[12] 18B Wright, Miller, Cooper et al., Fed. Prac. & Proc. § 4477 (2d ed.).

[13] *Id.*

Florida litigation; following his logic, Rosenberg should be estopped from demanding a jury here.[14]

### D.    *Setting the Matter for Trial*

US Bank has requested the Court to set this matter for trial. Rosenberg objects, arguing that there are still some discovery matters outstanding. The Court agrees with US Bank that this matter has been pending long enough and that a trial should be scheduled promptly; therefore the Court will require the parties to confer and submit a proposed joint schedule for completing discovery and commencing trial.

## IV.    Conclusion

For the reasons discussed above, the jury trial waiver in the Settlement Agreement is enforceable. The Court makes no holding with respect to the waiver in the Guaranty. This case will be set for a non-jury trial as soon as is practicable. An appropriate Order follows.

---

[14] *Rosenberg v. DVI Receivables, XIV, LLC, et al.* No.10-ap-3812, Doc. No. 269 (Bkr. S.D. Fla. May 30, 2012).