# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, : | |
|     Plaintiff/Counterclaim Defendant, : | |
|                                          : | |
| v.                                         : | CIVIL ACTION NO. 12-0723 |
|                                          : | |
| MAURY ROSENBERG, : | |
|     Defendant/Counterclaim Plaintiff. : | |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                   **January 22, 2018**

The present motion for mutual judgment satisfaction forms the latest chapter in the more than decade-long litigation among U.S. Bank, Maury Rosenberg, and their affiliates. Because the Court writes primarily for the parties, only the background necessary for the resolution of the motion will be provided. In essence, U.S. Bank seeks to offset a judgment in Rosenberg's favor entered in the United States District Court for the Southern District of Florida in the amount of $6,120,000, against a judgment entered by this Court against Rosenberg totaling $6,506,075.41.[1] For the following reasons, the motion will be denied.

## I. BACKGROUND

"It is an understatement to say that the factual background and procedural history lurking behind this case are complex."[2] In 2000, Rosenberg's medical imaging companies—National Medical Imaging and National Medical Imaging Holdings (collectively "NMI")—entered into leases for necessary medical equipment with predecessors-in-interest to U.S. Bank, including Lyon Financial Services, Inc. In 2003, Lyon claimed that NMI had defaulted and filed suit. By July of 2004, Lyon had filed no fewer than thirteen lawsuits against NMI and Rosenberg. These

---

[1] In its briefing, U.S Bank alleges that Rosenberg would be obligated to pay a judgment of approximately $420,000 to it, but setting off the two judgments provided seems to suggest that Rosenberg would owe U.S. Bank about $380,000.

[2] *Rosenberg v. DVI Receivables XVII, LLC*, 835 F.3d 414, 416 (3d Cir. 2016).

suits were settled in 2005 pursuant to modified leases, under which NMI could continue to rent the medical equipment at a rate of $100,000 per month. As part of the settlement agreement and modified leases, Rosenberg executed a personal guaranty under which he would be liable for approximately $7,600,000 in the event of a default. This maximum amount was to be reduced by about $127,000 every month NMI paid the modified lease. Accordingly, after sixty consecutive months of payment, the personal guaranty would expire and Rosenberg would have no liability.

NMI, however, did not pay the lease for the full sixty-month period. Although NMI paid its rent for twenty-one months, reducing the guaranteed amount for which Rosenberg could be liable to about $5,000,000, NMI failed to make its rental payment on the twenty-second month. After this default, a second round of litigation ensued.

First, U.S. Bank filed suit against Rosenberg in this Court for breach of the guaranty. Following a three day non-jury trial held in June of 2015, the Court found in favor of U.S. Bank and against Rosenberg personally. Thus, on September 3, 2015, the Court entered judgment in favor of U.S. Bank and against Rosenberg for damages in the amount of $5,804,479.95, and on May 4, 2016, entered a judgment in favor of U.S. Bank and against Rosenberg for attorney's fees and costs in the amount of $701,595.46. The two judgments against Rosenberg are final and total $6,506,075.41 without post-judgment interest.[3]

Second, entities related to U.S. Bank filed a confession of judgment in the Court of Common Pleas of Bucks County, as well as an involuntary bankruptcy petition in the Eastern District of Pennsylvania against NMI and Rosenberg. Rosenberg moved to strike the confession of judgment entered in Bucks County, which was eventually stricken only as to Rosenberg. U.S.

---

[3] Rosenberg did not appeal the two judgments entered by this Court.

Bank transferred the case to the Court of Common Pleas of Philadelphia County, but the action was deferred due to the involuntary bankruptcy proceeding. On Rosenberg's motion, the involuntary bankruptcy proceeding was transferred to the United States Bankruptcy Court for the Southern District of Florida, where he lives. Rosenberg was ultimately successful in obtaining dismissal of the involuntary bankruptcy petition.

Thereafter, in the United States Bankruptcy Court for the Southern District of Florida, Rosenberg filed an adversary action under 11 U.S.C. § 303(i) against U.S. Bank and six co-defendants, referred to as the DVI entities,[4] to recover costs, attorney's fees, and damages for the bad faith filing of the involuntary bankruptcy petition. The Florida bankruptcy court awarded Rosenberg fees and costs after a bench trial,[5] and transferred the claim for damages to the District Court for a jury trial. After the jury trial concluded on March 6, 2013, the jury awarded Rosenberg $1.1 million in compensatory damages and $5 million in punitive damages against U.S. Bank and the DVI entities. The District Court initially overturned the punitive damages award in its entirety and limited compensatory damages to $360,000, but the Eleventh Circuit held that U.S. Bank's post-trial motion was untimely and reinstated the jury's verdict.[6] Following the Eleventh Circuit's directive, the jury's verdict was reinstated, and a final judgment was entered in favor of Rosenberg and against U.S. Bank and the DVI entities in the amount of $6,120,000.

To date, the parties have opposing final judgments. U.S. Bank filed a motion for mutual judgment satisfaction, which would offset the two judgments and would result in Rosenberg

---

[4] The DVI entities include: (1) DVI Receivables XIV, LLC; (2) DVI Receivables XVI, LLC; (3) DVI Receivables XVII, LLC; (4) DVI Receivables XVIII, LLC; (5) DVI Receivables XIX, LLC; and (6) DVI Funding, LLC.

[5] *In re Rosenberg*, No. 09-13196, 2012 WL 3990725 (Bankr. S.D. Fla. Sept. 11, 2012), *aff'd*, 500 B.R. 174 (S.D. Fla. 2013).

[6] *Rosenberg v. DVI Receivables, XIV, LLC*, No. 12-2275, 2014 WL 4810348 (S.D. Fla. Sept. 29, 2014), *rev'd in part*, 818 F.3d 1283 (11th Cir. 2016).

3

owing a net judgment to U.S. Bank of approximately $380,000. U.S. Bank notes that Rosenberg claims to be judgment proof and thus will likely not pay the $6.5 million he owes, so it alleges that enforcing the $6.12 million judgment against it would be unfair.

## II. LEGAL STANDARD

Setoff (also called "offset") is an equitable doctrine that "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'"[7] Although no federal right to setoff is created by the Bankruptcy Code, Section 553(a) of the Code preserves whatever right to setoff that may exist under applicable non-bankruptcy law.[8] For purposes of this motion, there is no dispute that Pennsylvania law is the applicable non-bankruptcy law. There is also no question that Pennsylvania has long recognized a common law right to setoff.[9]

In order to perfect a right to setoff, "the party asserting setoff rights must prove the debts between the creditor and the debtor are mutual."[10] "To be mutual, the debts must be in the same right and between the same parties, standing in the same capacity."[11] Courts most commonly apply setoff in bankruptcy cases "to adjust the mutual rights and obligations of the parties to

---

[7] *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (quoting *Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528 (1913)).

[8] *See id.* Moreover, Rule 69(a)(1) of the Federal Rules of Civil Procedure dictates that a federal court must utilize the judgment execution methods available under "the state where the court is located." Fed. R. Civ. P. 69(a)(1).

[9] *See Shenango Sys. Sols., Inc. v. Micro-Sys., Inc.*, 887 A.2d 772, 774 (Pa. Super. Ct. 2005); *see also Pierce to Use of Snipes v. Kaseman*, 192 A. 105 (Pa. 1937)).

[10] *In re Garden Ridge Corp.*, 386 F. App'x 41, 43-44 (3d Cir. 2010) (citing *In re APF Co.*, 264 B.R. 344, 354 (Bankr. D. Del. 2001)); *In re Czyzk*, 297 B.R. 406, 409 (Bankr. D.N.J. 2003)).

[11] *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 896 F.2d 54, 59 (3d Cir. 1990) (internal quotation marks and citation omitted).

reflect the balance between them."[12] Courts will not allow setoff, however, where doing so would offend the general principles of equity.[13]

### III. ANALYSIS

#### A. This Court Has Jurisdiction to Resolve the Motion for Mutual Judgment Satisfaction

As a preliminary matter, Rosenberg contends that this Court lacks jurisdiction to decide the motion. Under Pennsylvania law, however, a setoff is available "even though the judgments were recovered in different courts, and even though one judgment has been transferred from another county."[14] Rosenberg has not shown that this principle is inapplicable when the judgments were entered in different federal courts. Thus, the Court has jurisdiction to resolve the motion.

#### B. The Opposing Judgments Are Not Mutual

In the alternative, Rosenberg argues setoff is unavailable because the judgments are not mutual. As previously noted, the party asserting the right to setoff opposing judgments must prove that the judgments are mutual. "To be mutual, the debts must be in the same right and between the same parties, standing in the same capacity."[15]

On the one hand, this Court previously entered two judgments in favor of U.S. Bank and against Rosenberg totaling $6,506,075.41 after a three-day trial on U.S. Bank's claims that Rosenberg breached the personal guaranty on the NMI leases. On the other hand, the District Court for the Southern District of Florida reinstated a jury verdict of approximately $6,120,000

---

[12] *See, e.g., Warrington Mkt., Inc. v. Fleming Cos., Inc.*, No. 02-719, 2003 WL 22594348, at *1 (E.D. Pa. Oct. 10, 2003).

[13] *Id.* at *1 (internal citation omitted).

[14] 14 Standard Pennsylvania Practice 2d § 78.21 (citing *Lorenz v. King*, 38 Pa. 93 (Pa. 1861); *Pierce to Use of Snipes*, 192 A. 105 (Pa. 1937)).

[15] *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 896 F.2d at 59 (internal quotation marks and citation omitted).

in favor of Rosenberg and against U.S. Bank and the DVI entities after the jury concluded that they acted in bad faith by filing an involuntary bankruptcy petition against Rosenberg.

Construing all reasonable inferences in Rosenberg's favor as the non-moving party, the Court concludes that U.S. Bank has not met its burden of demonstrating that the judgments are mutual. First, the judgments are not held solely by Rosenberg and U.S. Bank; instead, the DVI entities are also jointly and severally liable for the judgment imposed by the District Court for the Southern District of Florida, and are not parties to the judgment entered by this Court.[16] Second, even if the Court were to overlook the presence of the DVI entities, the judgments are not currently held by the same parties, as Rosenberg assigned the Florida judgment to a trust created for the benefit of his son before this Court's imposition of the judgment against him,[17] and U.S. Bank has not pointed to any authority suggesting that prior assignment does not immunize a judgment from a later-claimed setoff. The parties holding the two judgments thus are not the same, so the judgments are not mutual.[18] Last, Rosenberg claims that there are several attorney charging liens recorded in the District Court for the Southern District of Florida that pre-date this Court's entry of judgments against Rosenberg. Rosenberg states that these liens limit any right U.S. Bank would have had to a setoff because an earlier-filed charging lien has priority over a setoff claim founded on a later judgment, and U.S. Bank has not shown that

---

[16] *See In re Garden Ridge Corp.*, 338 B.R. 627, 634 (D. Del. 2006) (explaining in the context of a triangular setoff that the "general rule . . . holds that triangular setoffs between related parties do not meet the mutuality requirement") (internal quotation marks and citation omitted); *see also In re Comm'n Dynamics, Inc.*, 382 B.R. 219, 233-34 (D. Del. 2008) (denying setoff on summary judgment on the grounds that a fact issue existed as to whether the requisite mutuality existed). Moreover, U.S. Bank has not pointed to any authority suggesting mutuality would be satisfied in this context under Pennsylvania law.

[17] U.S. Bank does not make any argument that this is an invalid transfer, and the Court does not rule on whether in other circumstances such a transfer would prevent a finding of mutuality.

[18] *See Hecht v. Investor #1113*, No. 13-5382, 2014 WL 12610217, at *6 (E.D. Pa. Dec. 1, 2014) (concluding that a husband could not setoff his debt owed to a Partnership with a debt the Partnership owed to his wife and explaining that "a claim arising out of an independent transaction with one party may not be used as a set-off against another independent claim, even if the transaction is related to the claim in dispute") (citation omitted).

the charging liens should be ignored.[19] In conclusion, U.S. Bank as the moving party has not proven that the opposing judgments are mutual; therefore, the motion will be denied.

### C. Equitable Principles in Federal Bankruptcy Law Preclude Setoff

Even if U.S. Bank could show mutuality, the equitable principles embodied in § 303 of the United States Bankruptcy Code preclude setoff. Setoff may be denied "where the creditor has committed inequitable, illegal or fraudulent acts, or the application of setoff would violate public policy."[20] Courts generally find that a bad-faith judgment pursuant to § 303(i) "cannot be permitted to be set off against the unsuccessful petitioning creditor's claims against the Debtor."[21] This is so because:

> Involuntary petitions, even ones filed in good faith, can have a significant negative effect upon the interests of a putative debtor, including requiring the putative debtor to incur significant counsel fees. Section 303(i) was intended to ameliorate those negative effects by imposing liability upon the unsuccessful petitioning creditor, and the allowance of a setoff right would severely weaken that statutory provision.[22]

Here, the Florida jury concluded that U.S. Bank and related entities acted in bad faith by pursuing an involuntary bankruptcy petition against Rosenberg, and the Florida court entered a judgment pursuant to § 303(i) against U.S. Bank for approximately $6,120,000. This award was entered in part to discourage abuse associated with the involuntary filing of bankruptcy petitions against debtors such as Rosenberg. The Florida judgment thus concerns important equitable principles of bankruptcy law that should not be overlooked, and the Court will not offset the two

---

[19] *See Shenango Sys. Solutions, Inc. v. Micro-Systems, Inc.*, 887 A.2d 772, 774-75 (Pa. Super. Ct. 2005) (finding that a later-filed charging lien could be setoff against a prior judgment, but also recognizing that the presence of an earlier charging lien may disrupt the right to set off) (citing *Jones v. Pittsburgh*, 43 A.2d 554 (Pa. Super. Ct. 1945)).

[20] *See Warrington Market, Inc.*, 2003 WL 22594348, at *1 (quoting *In re Nuclear Imaging Sys., Inc.*, 260 B.R. 724, 739 (Bankr. E.D. Pa. 2000)).

[21] *In re Schiliro*, 72 B.R. 147, 149 (Bankr. E.D. Pa. 1987); *see also In re Forever Green Athletic Fields, Inc.*, No. 12-13888, 2017 WL 1753104 (Bankr. E.D. Pa. May 3, 2017); *In re Diloreto*, 388 B.R. 637 (Bankr. E.D. Pa. 2008), *aff'd*, 442 B.R. 373 (E.D. Pa. 2010).

[22] *In re Diloreto*, 388 B.R. at 655.

judgments where such concerns are present.[23]

Although U.S. Bank contends that the policy concerns animating the cases denying setoff are not present here because those cases involved fee and costs awards, and not compensatory or punitive damages, the reasons for prohibiting setoff should apply with even more force when a judgment is for damages, because such an award under § 303(i) discourages abuse of the involuntary bankruptcy process "by imposing liability upon the unsuccessful petitioning creditor."[24] Moreover, the Court is unaware of, and U.S. Bank has not cited to, any authority in which a court allowed a creditor to setoff a judgment that was based on a finding of bad faith. Thus, U.S. Bank has not met its burden of demonstrating that setoff is warranted.

## IV. CONCLUSION

In conclusion, the motion for mutual judgment satisfaction will be denied. An appropriate order follows.

---

[23] U.S. Bank contends that the Florida judgment would have been vacated, but was reinstated due to the fact that U.S. Bank did not timely file its post-trial motion. The Court, however, cannot rely on the discussion contained within a vacated order to find that setoff is appropriate in this case.

[24] *Rosenberg v. DVI Receivables XVII, LLC*, 835 F.3d 414, 419-20 (3d Cir. 2016) (internal citation omitted).